IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR159 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MATTHEW R. PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the objection of the government, Filing No. 35, to the report and recommendation (R&R) of United States Magistrate Judge F.A. Gossett, Filing No. 31, wherein the magistrate granted defendant's motion to dismiss, Filing No. 16.[1]  The defendant is charged with one count of failure to register as a sex offender in the State of Nebraska, as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a).  Filing No. 1.  The magistrate judge recommended that the defendant's motion to dismiss be granted.  Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects.  *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has reviewed of the entire record including the transcript of the motion to dismiss hearing.  Filing No. 28.  The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings.  The court adopts the report and recommendation in its entirety.

---

[1] Part of the filing includes a motion to suppress, but a ruling has previously been made by this court on that portion of the motion.

Defendant was indicted in New York for having sexual contact with an individual under the age of 17. As a result of his conviction, he was required to register as a sex offender in the State of New York. Additionally, he was required to register as a sex offender if he moved to another state. Defendant later moved to Lincoln, Nebraska, then to Iowa and back to Nebraska. While in Nebraska, it appears he was convicted in New York of failing to register as a sex offender. He then returned to Nebraska and was indicted on April 17, 2007, for violation of 18 U.S.C. § 2250(1), for knowingly failing to register as a sex offender under that statute.

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587, was enacted on July 27, 2006. Title I includes SORNA. Failure to register under SORNA is grounds for a maximum penalty of ten years' imprisonment. 18 U.S.C. § 2250(a). On February 28, 2007, the United States Attorney General filed an interim rule pursuant to 42 U.S.C. § 16913(d) making SORNA applicable to sex offenders who were convicted before the enactment of SORNA for an offense which requires a defendant to register. Defendant moved to dismiss on the basis that such retroactive application is *ex post facto.*

The magistrate agreed with the defendant. The magistrate reviewed the law to date and determined that the district courts throughout the country have split on this issue.[2] *See* Filing No. 26, p. 7 (citing nine district court cases finding the indictment should be dismissed and nine district court cases concluding the indictment should not be dismissed). Magistrate Judge Gossett reviewed these authorities and concluded that the better

---

[2]The magistrate noted that no decisions have yet emanated from the courts of appeals.

reasoned opinions determined that dismissal of the indictment is appropriate.  Filing No. 26, pp. 8-9.  In making this determination, the magistrate concluded that "While it is true that Patterson may have had an independent obligation to register under state law or under the Jacob Wetterling Act during the time alleged in the indictment, this court concludes that the registration requirements of SORNA did not apply to defendant Patterson until the Attorney General made the necessary specification on February 28, 2007." *Id.* at 10.  The magistrate concluded that the dispositive factor was the delay between the enactment of SORNA and the time the Attorney General announced the retroactive rule.

The government has objected to the findings of the magistrate.  The government argues that the magistrate erred in concluding that prosecution of this case violates the *Ex Post Facto* Clause of the United States Constitution and that the magistrate erred in relying on the specific district court cases that support his decision.

The court agrees with the magistrate and finds defendant traveled during the gap period between the enactment of the statute and the promulgation of the interim rules, and the court further agrees with the magistrate that the application of this statute is *ex post facto*[3] as to this defendant.[4]  *See United States v. Muzio*, 2007 WL 1629836 (E.D. Mo. 2007), *United States v. Kapp*, 487 F. Supp. 2d 536 (M.D. Pa. 2007), and *United States v.*

---

[3] Article 1, § 9, cl. 3, United States Constitution.

[4] Because the court concludes that the *Ex Post Facto* Clause has been violated and the indictment must be dismissed, the court need not address defendant's remaining contentions.

3

*Stinson*, 507 F. Supp.2d 560 (S.D. W. Va. 2007).[5]  Accordingly, the court finds the motion to dismiss the indictment must be granted.

THEREFORE, IT IS HEREBY ORDERED that:

1. The report and recommendation, Filing No. 31, is adopted in its entirety; and

2. The objection of the government, Filing No. 35, is overruled; and

3. The defendant's motion to dismiss, Filing No. 16, is granted.

DATED this 8th day of November, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[5] For district court cases decided after the magistrate's opinion, *see United States v. Wilson*, 2007 WL 3046290(D. Utah Oct. 16, 2007) (retroactive application violates the Ex Post Facto Clause); *United States v. Gill*, 2007 WL 3018909 (D. Utah October 15, 2007) (same); *United States v. Deese*, 2007 WL 2778362 (W.D. Okla. 2007) (same); *United States v. Cole*, 2007 WL 2714111 (S.D. Ill. 2007) (same); *United States v. May*, 2007 WL 2790388 (S.D. Iowa September 24, 2007) (finding no *ex post facto* violation).